Brian H. Kim  (State Bar No. 215492)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave. Suite 517
Berkeley, CA 94705
Phone: (510) 225-0696
Fax: (510) 225-1095
Email: bkim@bkkllp.com

Jonathan M. Feigenbaum (State Bar Cal. No. 163208)
LAW OFFICES OF JONATHAN M. FEIGENBAUM
184 High Street
Suite 503
Boston, MA 02110
Phone: (617) 357-9700
Fax: (617) 227-2843
Email: jonathan@erisaattorneys.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA COLEMAN, | Case No.: 3:22-cv-8608 |
| Plaintiff, | ***COMPLAINT (ERISA)*** |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, WELLS FARGO & CO. VOLUNTARY ACCIDENTAL DEATH INSURANCE PLAN, WELLS FARGO & COMPANY, | |
| Defendants. | |

## INTRODUCTION

1. This case challenges Defendant Metropolitan Life Insurance Company's ("MetLife"), Wells Fargo & Co. Voluntary Accidental Death Insurance Plan ("Life Plan") and Wells Fargo & Company ("Wells Fargo") refusal to pay life insurance benefits to the Plaintiff as the named beneficiary for the accidental death of Mathew Jason Parks, a former employee of Wells Fargo, for whom Plaintiff is the named beneficiary under the Life Plan.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because all Defendants can be found in this Judicial District, and the ERISA-governed plan at issue was administered in part in this District.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Francisco/Oakland court because both Defendants may be found within this division.

## PARTIES

5. Plaintiff Alicia Coleman ("Ms. Coleman") is an individual and citizen of the state of Arizona. At all relevant times, Plaintiff was a beneficiary as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Life Plan.

6. At all relevant times, the "Life Plan" was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Wells Fargo, a corporation organized under the laws of Delaware which maintains a headquarters at 420 Montgomery

Street, San Francisco, California. MetLife was and remains the de facto co-plan administrator and co-claims fiduciary of the Life Plan.

7. At all relevant times, the "Life Plan" was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Wells Fargo. MetLife was and remains the de facto co-plan administrator and co-claims fiduciary of the Life Plan.

8. At all relevant times, Mathew Jason Parks was employed by Wells Fargo and as such was enrolled in the Life Plan, to wit: a group insurance contract issued by MetLife, identified by Group Number 0164933 ("Policy). As the payor of benefits and the claims administrator of the Life Plan MetLife operates under a structural conflict of interest as defined by *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 466 (9th Cir. 2006) (en banc) and *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

9. At all relevant times MetLife is an insurance corporation and subsidiary of MetLife Financial Services Group, Inc. and is authorized to engage in the business of insurance in the State of California and is the insurer of the benefits under the Life Plan, and has a place of business at 7677 Oakport Street, East Oakland, Oakland, California

**FACTS COMMON TO ALL COUNTS**

10. Wells Fargo employed Mathew Jason Parks ("Mr. Parks").

11. Ms. Coleman is a citizen of the State of Arizona.

12. Wells Fargo provided to its employees, including Mr. Parks, various benefits employee benefits including life insurance, through the Life Plan, that was fully insured by MetLife.

13. Mr. Parks elected coverage for Ms. Coleman as a designated beneficiary under the Life Plan.

14. Mr. Parks paid for and provided Ms. Coleman with $600,000.00 in coverage in the event of his death.

15. Wells Fargo is the statutory administrator as defined under ERISA under the long-term disability plan

16. MetLife is the functional ERISA fiduciary under the Life Plan.

17. Wells Fargo is the statutory administrator as defined under ERISA under the Life Plan.

18. MetLife is the functional ERISA fiduciary under the Life Plan.

19. On December 15, 2019, Mr. Parks suffered severe bodily injury in an accidental car crash that caused multiple blunt force injuries to Mr. Parks resulting in his death.

20. Ms. Coleman took all actions necessary to receive life insurance benefits under the Life Plan.

21. MetLife refused to pay benefits to Ms. Coleman.

22. MetLife issued an adverse-benefit determination letter dated August 20, 2020, that failed to materially comply with the US Department of Labor ERISA claim regulations.

23. By letter dated September 18, 2020, Ms. Coleman sent to MetLife and the Life Plan a request for documents under 29 U.S.C. §§1024(b), (c) and 1132.

24. On September 18, 2020, Ms. Coleman filed notice of an administrative appeal under ERISA and under the terms of the Life Plan to both MetLife and the Life Plan.

25. By letters dated September 18, 2020, Ms. Coleman sought MetLife's claims guidelines 29 C.F.R. § 2560.503-1 and the entire claim file which Ms. Coleman had reason to believe had not been produced previously.

26. MetLife refused to provide copies of its claim guidelines as required under 29 C.F.R. § 2560.503-1.

27. MetLife's the Life Plan's and Wells Fargo's actions are contrary to the terms of the Life Plan, the Policy and California law governing group life insurance policies and have no reliable evidentiary support.

28. In adjudicating Plaintiff's claims, MetLife's actions fell well below the "higher-than-marketplace quality standards" imposed by ERISA according to *Metro. Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008).

29. As a direct and proximate result of the aforementioned acts of MetLife, the Life Plan and Wells Fargo, Plaintiff suffered damages as outlined below.

30. As the result of the actions of MetLife, the Life Plan, Wells Fargo, and each of them, Plaintiff has been improperly denied life insurance benefits under the Life Plan to which he is entitled together with interest thereon.

31. As a further result of the actions of MetLife, Life Plan and Wells Fargo, and each of them, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining his life insurance benefits.

**FIRST CLAIM FOR RELIEF**
**[Claim for Life Insurance Benefits Pursuant to ERISA § 502(a)(1)(B) Against MetLife, Life Plan and Wells Fargo under the terms of the Life Plan]**

32. Plaintiff incorporates Paragraphs 1 through 31 as though fully set forth herein.

33. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of an ERISA plan.

34. At all relevant times, under the terms of the Life Plan as set forth in the governing plan instruments, Plaintiff became and remains entitled to life insurance benefits under the Life Plan and the Policy.

35. By refusing to pay Plaintiff's claim for life insurance benefits, and by related acts and omissions, MetLife, Life Plan and Wells Fargo each violated, and continues to violate, the terms of the Life Plan and Plaintiff's rights thereunder.

36. MetLife's and the Life Plan's refusal to pay Plaintiff benefits violates the terms of the Life Plan, and MetLife's and the Life Plan's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion.

37. At all material times herein, MetLife, the Life Plan and Wells Fargo failed and refused to honor the terms of the Life Plan, and therefore, each owes the full sum of benefits to the Plaintiff which is no less than $600,000.

38. Given that the Policy's effective date is after January 1, 2013, any discretionary authority conferred by the Policy on MetLife is null and void under California Insurance Code § 10110.6 and MetLife's decision must be decided under a *de novo* standard of review. *See, e.g., Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan, Plan No. 625,* 856 F.3d 686, 695 (9th Cir. 2017).

39. As a proximate result of MetLife's, the Life Plan's and Wells Fargo's actions, Plaintiff has been deprived of his life insurance benefits under the Life Plan benefits to which he was and is entitled and has suffered damages as set forth above.

## SECOND CLAIM FOR RELIEF
### [Claim for Equitable Relief Pursuant to ERISA § 502(a)(3) Against Wells Fargo]

40. Plaintiff incorporates paragraphs 1 through 39 as through fully set forth herein.

41. This claim for relief is brought pursuant to 29 U.S.C. § 1132(a)(3) only to the extent that the Court finds that the remedy under the First Claim For Relief is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B).

42. Wells Fargo failed to fulfill its duties and promises made to Mr. Parks and Ms. Coleman regarding life insurance coverage.

43. Plaintiff is entitled to other equitable relief under Section 502(a)(3) ERISA against Wells Fargo to make him whole for the losses caused by Wells Fargo.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that the Defendants violated the terms of the Life Plan by denying Plaintiff's claim for life insurance benefits.

B. Order that Defendants to pay to plaintiff life insurance benefits under the terms of the Life Plan.

C. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

D.  Award prejudgment interest on all benefits owed under the terms of the Life Plan that have accrued prior to the judgment.

E.  Provide such other relief as the Court deems equitable and just.

Dated: December 13, 2022

BOLT KEENLEY KIM LLP

By: /s/ Brian H. Kim
Brian H. Kim

Attorneys for Plaintiff

LAW OFFICES OF JONATHAN M. FEIGENBAUM

By: /s/ Jonathan M. Feigenbaum
Jonathan M. Feigenbaum

Attorneys for Plaintiff